Brian P. Kamel, Esq. (State Bar No. 152712)
E-mail: bkamel@kamellawfirm.com
Yee Lam, Esq. (State Bar No. 224741)
E-mail: ylam@kamellawfirm.com
BRIAN P. KAMEL & ASSOCIATES
12400 Wilshire Boulevard, Suite 1150
Los Angeles, CA 90025
Telephone: (310) 857-1320
*Attorneys for Defendants*
NANCY LEE, D.D.S., INC. *erroneously sued and served as Nancy Lee, D.D.D., Inc.* and NANCY LEE, D.D.S.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ANTHONY BOUYER,<br><br>                  Plaintiff,<br><br>        vs.<br><br>NANCY LEE, D.D.D., INC., a<br>California Corporation; NANCY LEE,<br>an individual; and DOES 1-10,<br>inclusive,<br><br>                  Defendants. | CASE NO.: 2:21-cv-02386-SB (PDx)<br><br>**DEFENDANT NANCY LEE, D.D.S., INC. ERRONEOUSLY SUED AND SERVED AS NANCY LEE, D.D.D. AND NANCY LEE, D.D.S.' MOTION TO DISMISS PLAINTIFF ANTHONY BOUYER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. Proc. 12(b)(6), 12(e)]**<br><br>*[[Proposed] Order submitted concurrently herewith]*<br><br>Hearing Information<br>Date:     May 28, 2021<br>Time:     8:30 a.m.<br>Location: 6C<br><br>Trial Date:    None |

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

1

## <u>TABLE OF CONTENTS</u>                                    <u>Page</u>

2    1. Summary of Motion ……………………………………………… 7

3    2. Statement of Relevant Facts ………………………………………… 7

4    3. Legal Authority for Motion …………………………………………... 8

5    4. Legal Discussion …………………………………………………….. 8

6          a. PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO

7             ESTABLISH HIS CAUSE OF ACTION FOR VIOLATION OF

8             THE ADA …………………………………………………… 9

9          b. PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO

10            ESTABLISH HIS CAUSE OF ACTION FOR VIOLATION OF

11            THE UNRUH CIVIL RIGHTS ACT…………………………..    10

12         c. PLAINTIFF'S FAILURE TO ALLEGE INJURY IN

13            FACT RESULTS IN HIS LACK OF STANDING TO

14            MAINTAIN THIS ACTION ………………………….………….    10

15         d. THE CIRCUMSTANCES SUGGEST THIS COURT SHOULD

16            DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

17            UNDER 28 U.S.C. § 1367(c) ………………………….....…..  11

18                    i.   Plaintiff's State Law Claim Predominates

19                         Because the Monetary Damages Provide

20                         Sufficient Remedy ……………………………… 11

21                    ii.  Plaintiff Is Forum Shopping to Circumvent

22                         California's Pleading Requirements ………….    12

23                    iii. This Court Should Decline to Exercise

24                         Supplemental Jurisdiction Because the *Gibbs*

25                         Factors Support Other Compelling Reasons to

26                         Decline Supplemental Jurisdiction ………….    14

27         5.  Conclusion …………………………………….…………….…..    15

28

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Pages</u>

3

## <u>Cases</u>

4

*Arizona ex re. Goddard v. Harkins Amusement Enters, Inc.*,

5

603 F.3d 666 (9th Cir. 2012) ……………………………………………  9

6

*Ashcroft v. Iqbal*,

7

556 U.S. 662 (2009) ……………………………………………  8

8

*Bell Atlantic Corporation v. Twombly*,

9

550 U.S. 544 (2007) …………………………………………….………  8

10

*Carnegie-Mellon University v. Cohill*,

11

484 U.S. 343 (1988) …………………………………………..……… 12

12

*Johnson v. Guedoir*,

13

218 F. Supp. 3d 1096 (E.D. Cal 2016) …………………………………  12

14

*OAM v. Brick Oven*,

15

406 F. Supp. 1120 (S.D. Cal. 2005) …………………………………  11-12

16

*Org. for the Advancement of Minorities v. Brick Oven Rest.*,

17

406 F. Supp. 2d 1120 (S.D. Cal. 2005) ………………….……………  14

18

*Schutza v. Cuddeback*,

19

262 F. Supp. 3d 1025 (S.D. Cal. 2017) ……………..………………...  14

20

*Spokeo, Inc. v. Robins*,

21

136 S. Ct. 1540 (2016) ……………………………..………….………  10-11

22

*United Mine Workers v. Gibbs*,

23

383 U.S. 715 (1966) ……………………………………………………  14

24

## <u>California Statutes</u>

25

26

Cal. Civ. Proc. Code § 425.50 …………………………..……………………  13

27

Cal. Civ. Proc. Code § 425.55 ……………………………..……………  12, 13

28

Cal. Civ. Code §§ 51-53 …………………………………….…………………… *passim*

**Federal Statutes**

Federal Rules of Civil Procedure 8(a) ……………………………………….………   8

Federal Rules of Civil Procedure 12(b)(6) …………………………………….…   8

28 U.S.C. § 1367(c) ……………………………………….……….…………….   7, 11, 14

42 U.S.C. §§ 12101, *et seq.* ……………………………….…………….……… *passim*

1        TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that on May 28, 2021 at 8:30 a.m., or as soon

3   thereafter as this matter may be heard, in Courtroom 6C of the United States District

4   Court for the Central District of California, located at 350 West 1st Street, Los

5   Angeles, California 90012, the Honorable Stanley Blumenfeld, Jr. presiding,

6   Defendants Nancy Lee, D.D.S., Inc., erroneously sued and served as Nancy Lee,

7   D.D.D., Inc. and Nancy Lee, D.D.S., individually (collectively, "Defendants") will

8   and hereby do move, pursuant to Federal Rule of Civil Procedure ("FRCP")

9   12(b)(6), to dismiss the complaint filed by Plaintiff Anthony Bouyer ("Plaintiff") on

10   the grounds that all causes of action are insufficiently pleaded as set forth herein.

11   The motion is made on these grounds:

12        Article II.    Plaintiff fails to allege Defendants' violation of the ADA (claim

13   1) with any semblance of the specificity required by FRCP 8(a).

14        Article III.   Plaintiff similarly fails to allege Defendants' violation of the

15   Unruh Civil Rights Act (claim 2) with the specificity required by FRCP 8(a).

16        Article IV.   Plaintiff lacks standing to pursue the alleged claims for violation

17   of the ADA and violation of the Unruh Civil Rights Act (claims 1-2) because

18   Plaintiff has not suffered any injury-in-fact.

19        Article V.    Plaintiff's claim for violation of the Unruh Civil Rights Act

20   (claim 2) predominates, and therefore, this Court should refuse to exercise

21   supplemental jurisdiction. 28 U.S.C. § 1367.

22        This motion is based upon this notice, the attached memorandum of points

23   and authorities in support thereof, and such other matters of which the Court may

24   properly take notice, and upon such oral argument as may be made at the hearing on

25   this motion.

26        This motion is made following multiple efforts to complete the conference of

27   counsel pursuant to Local Rule 7-3, which was initiated on or about April 15, 2021,

28

at which time Defendants provided Plaintiff's counsel with a written summary of their legal arguments, and further followed-up by leaving a voicemail. Following this email, Plaintiff's counsel responded that they deemed our meet and confer requirements satisfied. Ultimately, the parties were unable to reach a resolution.

DATED:  April 23, 2021                    Respectfully Submitted,

                                          BRIAN P. KAMEL & ASSOCIATES



                                          By:  /s/ Brian P. Kamel
                                               Brian P. Kamel, Esq.
                                               Yee Lam, Esq.
                                               *Attorneys for Defendants*
                                               NANCY LEE, D.D.S., INC. and NANCY
                                               LEE, D.D.S.

1.     SUMMARY OF MOTION

Plaintiff Anthony Bouyer ("Plaintiff") has filed this lawsuit against Defendants Nancy Lee, D.D.S., Inc., erroneously sued and served as Nancy Lee, D.D.D., Inc. and Nancy Lee, D.D.S., individually (collectively, "Defendants") for damages and injunctive relief for violations of the American's with Disabilities Act ("ADA") and Unruh Civil Rights Act. Defendants bring this motion to dismiss on the grounds that 1) Plaintiff has failed to allege facts sufficient to establish his standing and/or properly state his causes of action; and 2) justice would best be served if this Court declined supplemental jurisdiction under 28 U.S.C. § 1367(c).

2.     STATEMENT OF RELEVANT FACTS

Plaintiff alleges that he "is an adult California resident" who "is substantially limited in performing one or more major life activities because he is paraplegic[.]" Compl.  ¶ 1. Plaintiff further alleges that, "on or about March 1, 2021 for the dual purpose of inquiring about same day appointment [sic] and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning of federal and state law." Compl. ¶ 11. According to Plaintiff, during his visit to Defendants' place of business, he found that "there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines[.]" Compl. ¶ 12. Among the alleged barriers Plaintiff encountered were "an accessible parking area whose slope exceeds ADAAG specifications (Section 502.4); an accessible parking space that does not contain compliant accessible parking signage (Section 502.6); an accessible parking space that is not clearly marked (Section 502.2); an accessible aisle that is not clearly marked (Section 502.3.3); and, cracked and broken surfaces in the accessible parking area (Section 502.4; 302.1)." Compl. ¶ 13.

Plaintiff continues that he "is informed and believes [that] Defendants had no policy or plan in place to make sure that there was compliant accessible parking

reserved for persons with disabilities prior to March 1, 2021," and further that he is somehow "informed and believes [that] Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG." Compl. ¶¶ 18, 19. Plaintiff then concludes that "[t]he violations identified above are easily removed without much difficulty or expense." Compl. ¶ 28. As a result, of the alleged difficulty experienced, Plaintiff alleged that he "denied full and equal access" to the Business and Property." Compl. ¶ 25.

3.   LEGAL AUTHORITY FOR MOTION

Federal Rule of Civil Procedure Rule 12(b)(6) allows motions to dismiss based upon failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under FRCP Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard "demands more than an unadorned [] accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 545 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In order to avoid dismissal, the plaintiff's complaint must plead facts which, if true, "raise a right to relief above the speculative level." *Id.* at 545.

4.   LEGAL DISCUSSION

As set forth herein and discussed above, Plaintiff fails to state a claim upon which relief may be granted. Thus, under the circumstances, Plaintiff has further failed to provide compelling reasons for the Court to exercise supplemental jurisdiction over his cause of action for violations of the Unruh Civil Rights Act, a claim arising under California state law.

///

///

a.  PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO
ESTABLISH HIS CAUSE OF ACTION FOR VIOLATION OF
THE ADA

In order to prevail in a Title III ADA claim, Plaintiff must prove: 1) that Plaintiff is disabled within the meaning of the ADA; 2) that the Defendant owns, leases, or operates a place of public accommodation; and 3) that Plaintiff was denied public accommodation by the Defendant due to his or her disability. *Arizona ex re. Goddard v. Harkins Amusement Enters, Inc.*, 603 F.3d 666, 670 (9th Cir. 2012); *see also* 42 U.S.C. §§ 12101, *et seq.* Here, Plaintiff has failed to set forth a "short and plain statement showing that [he] is entitled to relief," instead only providing a formulaic recitation that the alleged barriers "relate to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities…," and he was denied "full and equal access." *See* Compl. ¶¶ 21, 25. Thus, noticeably, Plaintiff fails to utter a single word regarding **how** the alleged non-compliance actually interfered with his access to Defendants' business, especially given that the Defendants' social distancing measures request that persons call Defendants' office prior to entering the building in order to prevent unnecessary exposure.  Therefore, presumably someone would be available to assist the Plaintiff into the facility.

Rather, Plaintiff makes conclusory allegations devoid of any facts that the alleged barriers caused him to suffer "difficulty" or "deterred" him from patronizing the defendants' business in any practical manner. *See* Compl. ¶¶ 23, 25. He continued in this conclusory manner when alleging, first that the 2010 ADAAG apply, and next that "[t]he violations identified above are easily removed without much difficulty or expense." Compl. ¶ 28. For example, Plaintiff alleges that the pathway was "excessively steep," yet it is unclear 1) which pathway the plaintiff is referencing, and 2) how the allegedly "steep" slope affected him. Indeed, Plaintiff did not address whether he experienced issues with the functionality of his wheelchair or exiting his

vehicle, and further failed to address whether Defendants offered some other accommodation, such as whether the employees could assist Plaintiff or whether another path of travel existed. In addition to not setting forth any details regarding the alleged barriers, there are no facts at all regarding how these unspecified barriers could be "easily removed without much difficulty or expense." Thus, Plaintiff's allegations amount to conclusory statements that fail to set forth facts discussing the manner in which Defendants denied Plaintiff "full and equal access."

      b.   PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH HIS CAUSE OF ACTION FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

In order to prevail on a cause of action for violation of the Unruh Civil Rights Act based upon an underlying ADA violation, Plaintiff must prove that: 1) Defendants denied full and equal accommodations or services to Plaintiff; 2) Plaintiff was harmed; and 3) that Defendants' conduct was a substantial factor in causing Plaintiff's harm. *See* Cal. Civ. Code §§ 51-53. As set forth above, Plaintiff failed to set forth sufficient facts to state a claim for the underlying alleged ADA violation, and further fails to state a claim regarding any alleged denial of full and equal accommodations, services, or the like, to state a claim under the Unruh Civil Rights Act. Furthermore, as discussed in greater detail below, Plaintiff failed to allege facts sufficient to show causation and/or injury in fact. Therefore, Plaintiff's second cause of action for violation of the Unruh Civil Rights Act is subject to dismissal.

      c.   PLAINTIFF'S FAILURE TO ALLEGE INJURY IN FACT RESULTS IN HIS LACK OF STANDING TO MAINTAIN THIS ACTION

In order to establish Plaintiff has standing to bring the instant action, he must show that he "1) suffered an injury in fact; 2) that is fairly traceable to the challenged conduct of the defendant; and 3) that is likely to be redressed by a favorable judicial

decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Thus, such injury must be "concrete and particularized" as opposed to "conjectural or hypothetical." *Id.* at 1548.

Here, Plaintiff has made vague and conclusory allegations that he was denied "full and equal access" and that Plaintiff experienced "difficulty." Compl. ¶ 25. As set forth above, the Plaintiff fails to allege any substantive facts regarding in what manner his access to the facility was limited.  He likewise makes boilerplate allegations regarding his being "deterred," and intending to return to patronize Defendants' business once the claimed ADA violations have been resolved; however, Plaintiff makes no factual allegations that suggest he was deterred or intends to return to Defendants' business. Indeed, the fact that the plaintiff has filed around four hundred (400) such lawsuits in the past year makes it highly unlikely that he intends to return to such businesses. Because Plaintiff failed to establish injury in fact, he lacks standing to file this lawsuit, and his complaint is subject to a motion to dismiss.

> d.  THE CIRCUMSTANCES SUGGEST THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(c)
>
> > i.  Plaintiff's State Law Claim Predominates Because the Monetary Damages Provide Sufficient Remedy

Under 28 U.S.C. Section 1367(c), the court may decline supplemental jurisdiction, in part, if: 1) the claim substantially predominates compared with the other claim over which the district court has original jurisdiction; 2) The district court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances when there are other compelling reasons for declining jurisdiction. A federal court may decline to exercise supplemental jurisdiction where state law claims "substantially predominate" compared with the other claims over which the district court has original jurisdiction. *See* 28 U.S.C. § 1367. Here, Plaintiff pleaded a federal

claim for violation of the ADA, as well as a state claim arising under California state law. However, California law provides for all the same remedies as the ADA, with the addition of possible recovery of monetary damages. Courts have held that the "statutory damages available to [plaintiff] under the Unruh Act substantially predominate over the injunctive relief available under the ADA." *OAM v. Brick Oven*, 406 F. Supp. 1120, 1130-31 (S.D. Cal. 2005). Moreover, contrary to Plaintiff's assertion, *Johnson v. Guedoir*, 218 F. Supp. 3d 1096 (E.D. Cal 2016) does not provide for so-called deterrence damages but rather merely reiterates the ability to recover statutory damages under the Unruh Act. Thus, because California state law expressly incorporates federal law in lawsuits asserting state disability discrimination and claims for ADA violations may be filed in California state court, Plaintiff has no substantive reason for filing this lawsuit in federal court other than to circumvent California's procedural pleading requirements.

ii.    Plaintiff Is Forum Shopping to Circumvent California
       Pleading Requirements

The Supreme Court has noted that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). The State of California has imposed "additional safeguards" "to ensure that the [construction-related access violation] claims are warranted." Cal. Civ. Code § 425.55(b). These additional safeguards apply to "high-frequency litigant[s]," defined as, "A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Code § 425.55(b)(1). "High-frequency litigant" similarly applies, with limited exclusions, to attorneys who have acted "as attorney of record 10 or more high-

frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation[.]" Cal. Civ. Proc. Code § 425.55(b)(2).

Here, Plaintiff likely filed his lawsuit in federal district court in order to avoid the procedural requirements specifically applicable to "high frequency litigants." Upon information and belief, Plaintiff is a "high frequency litigant," having filed hundreds of lawsuits concerning accessibility claims in the past year, and is therefore subject to the requirements as set forth in California Code of Civil Procedure Section 425.50(a). *See* RJN, ¶ 1, Ex. A. Defendants are further informed and believe that Manning Law, APC has acted as attorney of record in at least 10 of Plaintiff's lawsuits filed in the past year, and presumably also represents other plaintiffs in similar ADA "construction-related accessibility claims."

As such, Plaintiff and his counsel must comply with California Code of Civil Procedure Section 425.50, which sets forth the pleading requirements for "construction-related accessibility claim[s]," and requires a litigant to, in part: 1) describe the "specific access barrier…with sufficient information about the location…to enable a reasonable person to identify the access barrier; 2) describe the "way in which the barrier denied….or deterred [Plaintiff]"; 3) the specific dates on which Plaintiff encountered the barriers; 4) disclose whether he is a high-frequency litigant, and if so, the number of construction-related accessibility claims filed, why the plaintiff was in the geographic area of the defendant's business, and why the plaintiff desired to access defendant's business; 5) pay the Supplemental Fee as required under California law for high-frequency litigants; and 6) verify the complaint. In this case, Plaintiff has failed to do any of the foregoing. Although Plaintiff referenced alleged ADA violations related to parking spaces and path of travel, it is unclear as to the path of travel being referenced, whether the plaintiff was denied or

deterred, and if so, in what manner. Accordingly, Defendants respectfully request this Court dismiss Plaintiff's second cause of action for Violation of the Unruh Act.

iii.   This Court Should Decline to Exercise Supplemental Jurisdiction Because the *Gibbs* Factors Support Other Compelling Reasons to Decline Supplemental Jurisdiction

The justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants[.]" *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Given the significant increase in the number of ADA lawsuits filed in federal court in recent years, the Southern District of California previously declined to exercise supplemental jurisdiction in a similar case. In *Schutza v. Cuddeback*, the plaintiff filed a lawsuit alleging that the defendants denied him full and equal access to a public accommodation in violation of the ADA and California's Unruh Civil Rights Act. 262 F. Supp. 3d 1025, 1031-32 (S.D. Cal. 2017). The *Schutza* Court reasoned that "it would be improper to use federal court as an end-around to California's pleading requirements," and that the plaintiff's decision to file his lawsuit in federal court did not have any clear advantage "other than avoiding state-imposed pleading requirements[.]" *Schutza*, 262 F. Supp. 3d at 1031. Thus, the *Schutza* Court granted the defendants' motion to dismiss the plaintiff's state law claim under 28 U.S.C. Section 1367(c), finding that the plaintiff's filing of more than one hundred (100) ADA lawsuits, and settling more than fifty (50) such lawsuits in a two-year period was "a compelling reason to decline supplemental jurisdiction. *Id.* (citing *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1132 (S.D. Ca. 2005).)

Just as the plaintiff in *Schutza* filed his lawsuit in federal court "as an end-around California's pleading requirements," so too does Plaintiff in the instant action. *Schutza*, 262 F. Supp. 3d at 1031. Indeed, the Honorable Philip S. Gutierrez of the Central District of California recently declined to exercise supplemental jurisdiction in another

one of Plaintiff's ADA cases. *See* RJN, ¶ 2, Ex. B (Order Declining to Exercise Supplemental Jurisdiction over Plaintiff's state law claim in *Bouyer v. Pizza Hut*, 2021 WL 1153062 *1 (C.D. Cal. March 8, 2021).).  Plaintiff has filed hundreds of actions in a short period of time, many of which he has dismissed shortly after filing. As noted in Judge Gutierrez's Order in *Bouyer v. Pizza Hut*, Plaintiff is not deprived of any remedies in state court, and "[w]hatever inefficiencies that the Court's decision to decline supplemental jurisdiction creates are problems that Plaintiff created when Plaintiff filed this action in federal court rather than state court." RJN, ¶ 2, Ex. B.

5.     CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and further fails to provide a legitimate reason for this Court to invoke supplemental jurisdiction. Defendants respectfully request this Court issue an order declining supplemental jurisdiction over Plaintiff's state law claim and dismissing Plaintiff's Complaint in its entirety. Based on the foregoing, Defendants respectfully request that this Court dismiss each of the claims without leave to amend.


DATED:  April 23, 2021             Respectfully Submitted,

                                   BRIAN P. KAMEL & ASSOCIATES


                                   By: */s/ Brian P. Kamel*
                                       Brian P. Kamel, Esq.
                                       Yee Lam, Esq.
                                       *Attorneys for Defendants*
                                       NANCY LEE, D.D.S., INC. and NANCY
                                       LEE, D.D.S.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in its contents and have authorized this filing.


Dated:                                    *Christine Reglos*
                                          Name of Filer

**CERTIFICATE OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 12400 Wilshire Boulevard, Suite 1150, Los Angeles, California 90025.

On April 23, 2021, I served true copies of the following document(s) described as **DEFENDANT NANCY LEE, D.D.S., INC. ERRONEOUSLY SUED AND SERVED AS NANCY LEE, D.D.D. AND NANCY LEE, D.D.S.' MOTION TO DISMISS PLAINTIFF ANTHONY BOUYER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

MANNING LAW FIRM                *Attorneys for Plaintiff*
Joseph R. Manning, Jr., Esq.          ANTHONY BOUYER
20062 SW Birch Street, Suite 200
Newport Beach, California 92660
Telephone:   (949) 200-8755
Facsimile:   (866) 949-8308

[X]   **(BY CM/ECF NOTICE OF ELECTRONIC FILING)**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I further served a courtesy copy on the Court as follows:

The Honorable Stanley Blumenfeld, Jr.
First Street Courthouse
Courtroom 6C
350 West 1st Street
Los Angeles, California 90012

[X]   **(BY FEDERAL EXPRESS)**: I caused to have served such document(s) by depositing them in the drop box at Los Angeles, California for priority overnight next day delivery.

1

2

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

4

5

Executed on **April 23, 2021**, at Los Angeles, California.

6

7

*ChristineReglos*

Christine Reglos

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**