Brian P. Kamel, Esq. (State Bar No. 152712)
E-mail: bkamel@kamellawfirm.com
Yee Lam, Esq. (State Bar No. 224741)
E-mail: ylam@kamellawfirm.com
BRIAN P. KAMEL & ASSOCIATES
12400 Wilshire Boulevard, Suite 1150
Los Angeles, CA 90025
Telephone: (310) 857-1320
*Attorneys for Defendants*
NANCY LEE, D.D.S., INC. *erroneously sued and served as Nancy Lee, D.D.D., Inc.* and NANCY LEE, D.D.S.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ANTHONY BOUYER,<br><br>                    Plaintiff,<br><br>        vs.<br><br>NANCY LEE, D.D.D., INC., a<br>California Corporation; NANCY LEE,<br>an individual; and DOES 1-10,<br>inclusive,<br><br>                    Defendants. | CASE NO.: 2:21-cv-02386-SB (PDx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT NANCY LEE, D.D.S., INC. ERRONEOUSLY SUED AND SERVED AS NANCY LEE, D.D.D. AND NANCY LEE, D.D.S.' MOTION TO DISMISS PLAINTIFF ANTHONY BOUYER'S COMPLAINT**<br><br>**[Fed. R. Civ. Proc. 12(b)(6), 12(e)]**<br><br>*[[Proposed] Order submitted concurrently herewith]*<br><br>Hearing Information:<br>Date:          May 28, 2021<br>Time:          8:30 a.m.<br>Location:      Courtroom 6C<br><br>Trial Date:    None |

1   Defendants Nancy Lee, D.D.S., Inc., erroneously sued and served as Nancy

2   Lee, D.D.D., Inc. and Nancy Lee, D.D.S., individually (collectively, "Defendants")

3   hereby request, pursuant to Rule 201 of the Federal Rules of Evidence, that the

4   Court take judicial notice of the following items in connection with Defendants'

5   Motion to Dismiss Plaintiff's Complaint:

6     1.  Exhibit A: Excerpt of PACER search results for federal cases involving

7        "Anthony 'Bouyer'" limited to Nature of the Suit "446 Civil Rights – Amer

8        w/Disabilities – Other."

9     2.  Exhibit B: Order Declining to Exercise Supplemental Jurisdiction Over

10       Plaintiff's State Law Claim, *Anthony Bouyer v. Pizza Hut*, Case No. 2:21-cv-

11       00829 (C.D. Cal.), Dkt. No. 13.

12    Facts subject to judicial notice include those that "can be accurately and

13  readily determined from sources whose accuracy cannot reasonably be questioned."

14  Fed. R. Evid. 201(b)(2). The Court "must take judicial notice if a party requests it

15  and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

16  Courts regularly take judicial notice of "undisputed matters of public record,

17  including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682

18  F.3d 1126, 1131-32 (9th Cir. 2012) (internal citations omitted); *Lee v. City of Los*

19  *Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Kurtz v. Intelius, Inc.*, 2011

20  U.S.Dist.LEXIS 101922, *3-*4 (E.D. Cal. Sept. 9, 2011). Information made

21  publicly available by government entities, including data, is also subject to judicial

22  notice. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010);

23  *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 676 n.6 (9th Cir. 2017). Exhibit A is an

24  excerpt of the relevant PACER search results for "Anthony Bouyer." Likewise,

25  Exhibit B is a court record from *Anthony Bouyer v. Pizza Hut*, previously pending in

26  the Central District of California.

27

28

1    In sum, the above items meet the requirements of Rule 201(b)(2) of the

2    Federal Rules of Evidence, and therefore, the Court must take judicial notice of

3    them pursuant to Rule 201(c)(2) of the Federal Rules of Evidence.

4

5    DATED:  April 23, 2021              Respectfully Submitted,

6                                       BRIAN P. KAMEL & ASSOCIATES

7

8

9                                       By: */s/* Brian P. Kamel
10                                          Brian P. Kamel, Esq.
                                            Yee Lam, Esq.
11                                          *Attorneys for Defendants*
                                            NANCY LEE, D.D.S., INC. and NANCY
12                                          LEE, D.D.S.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIGNATURE ATTESTATION

      I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in its contents and have authorized this filing.

Dated:                        *Christine Reglos*
                               Name of Filer

**CERTIFICATE OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 12400 Wilshire Boulevard, Suite 1150, Los Angeles, California 90025.

On April 23, 2021, I served true copies of the following document(s) described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT NANCY LEE, D.D.S., INC. ERRONEOUSLY SUED AND SERVED AS NANCY LEE, D.D.D. AND NANCY LEE, D.D.S.' MOTION TO DISMISS PLAINTIFF ANTHONY BOUYER'S COMPLAINT** on the interested parties in this action as follows:

MANNING LAW FIRM                *Attorneys for Plaintiff*
Joseph R. Manning, Jr., Esq.        ANTHONY BOUYER
20062 SW Birch Street, Suite 200
Newport Beach, California 92660
Telephone:   (949) 200-8755
Facsimile:    (866) 949-8308

[X]   **(BY CM/ECF NOTICE OF ELECTRONIC FILING)**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I further served a courtesy copy on the Court as follows:

The Honorable Stanley Blumenfeld, Jr.
First Street Courthouse
Courtroom 6C
350 West 1st Street
Los Angeles, California 90012

[X]   **(BY FEDERAL EXPRESS)**: I caused to have served such document(s) by depositing them in the drop box at Los Angeles, California for priority overnight next day delivery.

1

2        I declare under penalty of perjury under the laws of the United States of

3   America that the foregoing is true and correct and that I am employed in the office

    of a member of the bar of this Court at whose direction the service was made.

4

        Executed on **April 23, 2021**, at Los Angeles, California.

5

6

7                                        _Christine Reglos_
                                         _____
                                         Christine Reglos

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT** 2:21-cv-02386-SB (PDx)

# 🔍 Search

- hide search options

**ALL CASES (754)** | BK | CV (754) | CR | APPELLATE

> anthony "bouyer"

**Search**          ● Parties  ○ Full Text

**Filed after:**

MM/DD/YYYY                                                      📅

**Filed before:**

MM/DD/YYYY                                                      📅

**Court Filter**

Select Court                                                    ⌄

**State Filter**

CA (754)                                                        ⌄

**Nature of Suit Filter**

446 Civil Rights - Amer w/Disabilities - Other (754)            ⌄

| Search |
|---|

Showing 1-50 of 754
results in 0.056 seconds                                    ←   →

sort by: **relevance** | newest | oldest

<u>Anthony Bouyer v. 9535 Reseda Medical, LLC et al (2:19-cv-10992)</u>
Courts > California Central District Court
**Filed:** Dec 31, 2019
**Judge:** Virginia A Phillips

**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. 9535 Reseda Medical, LLC et al (5:19-cv-02503)</u>
Courts > California Central District Court
**Filed:** Dec 31, 2019
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. PV West Hills Suites, LLC et al (2:20-cv-01511)</u>
Courts > California Central District Court
**Filed:** Feb 14, 2020
**Judge:** Andre Birotte Jr
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. Benny Aliav and Aliza Aliav et al (2:20-cv-01513)</u>
Courts > California Central District Court
**Filed:** Feb 14, 2020
**Judge:** Dolly M Gee
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. La Pico Plaza, LLC, et al (2:20-cv-01514)</u>
Courts > California Central District Court
**Filed:** Feb 14, 2020
**Judge:** Dale S Fischer
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. ROIC California, LLC et al (2:20-cv-01515)</u>
Courts > California Central District Court
**Filed:** Feb 14, 2020
**Judge:** Dale S Fischer
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

**EXHIBIT A**
**Page 6**

Anthony Bouyer v. 24372 Vanowen Street LLC et al (2:20-cv-01516)
Courts > California Central District Court
**Filed:** Feb 14, 2020
**Judge:** Virginia A Phillips
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Jose De Jesus Gutierrez, et al (2:20-cv-01517)
Courts > California Central District Court
**Filed:** Feb 14, 2020
**Judge:** Ronald Sw Lew
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Dyanlyn Two et al (2:20-cv-00972)
Courts > California Central District Court
**Filed:** Jan 30, 2020
**Judge:** Otis D Wright, II
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Wengar Properties, LP et al (2:20-cv-01037)
Courts > California Central District Court
**Filed:** Jan 31, 2020
**Judge:** George H Wu
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Plaza De La Cordillera, LLC et al (2:20-cv-01039)
Courts > California Central District Court
**Filed:** Jan 31, 2020
**Judge:** Ronald Sw Lew
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Extra Space Properties 112 LLC et al (2:20-cv-01041)
Courts > California Central District Court
**Filed:** Jan 31, 2020
**Judge:** Andre Birotte Jr

**EXHIBIT A**
**Page 7**

**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. Ross E. Bloom and Fern L. Bloom et al (2:20-cv-01029)</u>
Courts > California Central District Court
**Filed:** Jan 31, 2020
**Judge:** John F Walter
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. Durose Corporation et al (2:20-cv-01519)</u>
Courts > California Central District Court
**Filed:** Feb 14, 2020
**Judge:** Cormac J Carney
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. NJR Realty, LLC, et al (2:20-cv-01237)</u>
Courts > California Central District Court
**Filed:** Feb 07, 2020
**Judge:** Stephen V Wilson
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. Ofer Shapira and Limor Benjamin, et al (2:20-cv-01238)</u>
Courts > California Central District Court
**Filed:** Feb 07, 2020
**Judge:** George H Wu
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

<u>Anthony Bouyer v. Stockdale Holdigns I, LLC et al (2:20-cv-01239)</u>
Courts > California Central District Court
**Filed:** Feb 07, 2020
**Judge:** Ronald Sw Lew
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

**EXHIBIT A**
**Page 8**

<u>Anthony Bouyer v. Khedry Abdelmesseh et al (2:20-cv-01206)</u>
Courts > California Central District Court
**Filed:** Feb 06, 2020
**Judge:** Dolly M Gee
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act


**Parties Matched: Anthony Bouyer**


<u>Anthony Bouyer v. Branch Tree, A California Limited Partnership, et al (2:20-cv-01208)</u>
Courts > California Central District Court
**Filed:** Feb 06, 2020
**Judge:** Fernando M Olguin
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act


**Parties Matched: Anthony Bouyer**


<u>Anthony Bouyer v. Jonker Investments, LP et al (2:20-cv-00620)</u>
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** R Gary Klausner
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act


**Parties Matched: Anthony Bouyer**


<u>Anthony Bouyer v.Sterling Real Estate Group, LLC et al (2:20-cv-00621)</u>
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Dale S Fischer
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act


**Parties Matched: Anthony Bouyer**


<u>Anthony Bouyer v. Coast-United Advertising Co., Inc. et al (2:20-cv-00622)</u>
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Michael W Fitzgerald
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act


**Parties Matched: Anthony Bouyer**


<u>Anthony Bouyer v. DMP Real Estate Investors, LLC et al (2:20-cv-00623)</u>
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** John A Kronstadt

**EXHIBIT A**
**Page 9**

**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. KC 21 Investments, Inc. et al (2:20-cv-00625)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Stephen V Wilson
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. John V. Ciccarelli et al (2:20-cv-00626)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Michael W Fitzgerald
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Lindworth Group LLC, et al (2:20-cv-00627)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Cormac J Carney
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Northwest Business Park, LLC, et al (2:20-cv-00628)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Andre Birotte Jr
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Jordan Properties, LLC et al (2:20-cv-00629)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Otis D Wright, II
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Simco Financial Services Inc. et al (2:20-cv-00630)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** John A Kronstadt
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Lucky 7 LLC et al (2:20-cv-00631)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** George H Wu
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Tripe S Proeprties et al (2:20-cv-00633)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Stephen V Wilson
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Matthews Investment Co. et al (2:20-cv-00634)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Philip S Gutierrez
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Karraa Real Property 1, LLC et al (2:20-cv-00635)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** R Gary Klausner
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Mission Village Property, LLC et al (2:20-cv-00639)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Fernando M Olguin

**EXHIBIT A**
**Page 11**

**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Victory Variel Plaza, a California Limited Partnership et al (2:20-cv-00640)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Stephen V Wilson
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Canoga Office Investors, LP et al (2:20-cv-00641)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** Percy Anderson
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. I and V Infinity Properties LLC et al (2:20-cv-00642)
Courts > California Central District Court
**Filed:** Jan 22, 2020
**Judge:** John A Kronstadt
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Spectrum Pacific West, LLC et al (2:20-cv-00795)
Courts > California Central District Court
**Filed:** Jan 27, 2020
**Judge:** Michael W Fitzgerald
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Jenny Properties, LLC et al (2:20-cv-00796)
Courts > California Central District Court
**Filed:** Jan 27, 2020
**Judge:** R Gary Klausner
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

**EXHIBIT A**
**Page 12**

Anthony Bouyer v. Bellaire Reseda Properties, LLC et al (2:20-cv-00334)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** Stephen V Wilson
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. S and U Investments LLC et al (2:20-cv-00335)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** Fernando M Olguin
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Fahmy Mushmel, et al (2:20-cv-00337)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** Dolly M Gee
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Norina Properties, LLC, et al (2:20-cv-00338)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** R Gary Klausner
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Elza Hancz et al (2:20-cv-00339)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** R Gary Klausner
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. 8940 Reseda LLC et al (2:20-cv-00340)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** Dale S Fischer

**EXHIBIT A**
**Page 13**

**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

ANTHONY BOUYER, an individual, v. ADH BELPO, LLC, a Nevada limited liability company et al (2:20-cv-00342)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** John F Walter
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. 19641 Parthenia St. LLC et al (2:20-cv-00343)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** Fernando M Olguin
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Elza Hancz et al (2:20-cv-00344)
Courts > California Central District Court
**Filed:** Jan 13, 2020
**Judge:** Percy Anderson
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Clifford Paul Mickool, et al (2:20-cv-00425)
Courts > California Central District Court
**Filed:** Jan 15, 2020
**Judge:** Stephen V Wilson
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

**Parties Matched: Anthony Bouyer**

Anthony Bouyer v. Tigertail Park LLC et al (5:20-cv-00112)
Courts > California Central District Court
**Filed:** Jan 15, 2020
**Judge:** R Gary Klausner
**Nature of Suit:** Civil Rights - Amer w/Disabilities - Other
**Cause:** 42:12101 Americans With Disabilities Act

Search

**Parties Matched: Anthony Bouyer**

Showing 1-50 of 754 results in 0.056 seconds                    ←    →

Support • Privacy • Terms • About
PacerMonitor, LLC © 2019.

2021 WL 1153062
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Anthony BOUYER

v.

PIZZA HUT NO. 026192 et al

Case No. CV 21-829 PSG (RAOx)
|
Filed 03/08/2021

**Attorneys and Law Firms**

Joseph Richard Manning, Jr., Manning Law APC, Newport
Beach, CA, for Anthony Bouyer.

**Proceedings (In Chambers): Order DECLINING to
exercise supplemental jurisdiction over Plaintiff's state
law claim**

Philip S. Gutierrez, United States District Judge

**\*1** In this case, Plaintiff Anthony Bouyer("Plaintiff") brings
an ADA claim and a state law claim under the Unruh
Civil Rights Act ("Unruh Act") against Defendants Pizza
Hut No. 026192 and Tiara M. Nappi ("Defendants"). *See
generally* Dkt. # 1, *Complaint*, ("*Compl.*"). On February 16,
2021, the Court issued an order to show cause as to why it
should exercise supplemental jurisdiction over the state law
claim. *See* Dkt. # 11, ("*OSC*"). The Court received Plaintiff's
response on March 3, 2021. *See* Dkt. # 12, ("*OSC Resp.*").
After considering Plaintiff's arguments in its OSC Response,
the Court **DECLINES** to exercise supplemental jurisdiction
over the state law claim.

I. Background
"In 2012, in an attempt to deter baseless claims and
vexatious litigation, California adopted heightened pleading
requirements for disability discrimination lawsuits under the
Unruh Act." *See Velez v. Il Fornaio (Am.) Corp.*, No. CV
3:18-1840 CAB (MDD), 2018 WL 6446169, at \*6 (S.D.
Cal. Dec. 10, 2018). These heightened pleading requirements
apply to actions alleging a "construction-related accessibility
claim," which California law defines as "any civil claim in a
civil action with respect to a place of public accommodation,

including but not limited to, a claim brought under Section 51,
54, 54.1, or 55, based wholly or in part on an alleged violation
of any construction-related accessibility standard." Cal. Civ.
Code § 55.52(a)(1). Under these requirements, the plaintiff
must include in the complaint specific facts concerning the
plaintiff's claim, including the specific barriers encountered
or how the plaintiff was deterred and each date on which
the plaintiff encountered each barrier or was deterred. *See*
Cal. Civ. Proc. Code § 425.50(a). California law also requires
the plaintiff to verify the complaint; a complaint that is not
verified is subject to a motion to strike. *Id.* § 425.50(b)(1).

When California continued to experience large numbers
of these actions, the state legislature imposed additional
limitations on "high-frequency litigants." A "high-frequency
litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleging
> a construction-related accessibility violation within the
> 12-month period immediately preceding the filing of
> the current complaint alleging a construction-related
> accessibility violation.

*Id.* § 425.55(b)(1). The definition of a high-frequency litigant
also extends to attorneys. *Id.* § 425.55(b)(2).

In support of its imposition of additional limitations on
high-frequency litigants, the California Legislature observed
that "a very small number of plaintiffs have filed a
disproportionately large number of the construction-related
accessibility claims in the state" and that "these lawsuits
are frequently filed against small businesses on the basis
of boilerplate complaints, apparently seeking quick cash
settlements rather than correction of the accessibility
violation." *Id.* § 425.55(a)(2). In order to address these
"special and unique circumstances," *id.* § 425.55(a)(3),
California imposed a "high-frequency litigant fee," requiring
high-frequency litigants to pay a $1,000 filing fee to file a
complaint, in addition to the standard filing fees, Cal. Gov't
Code § 70616.5. California also requires complaints filed
by high-frequency litigants to allege certain additional facts,
including whether a high-frequency litigant filed the action,
the number of construction-related accessibility claims that
the high-frequency litigant has filed in the preceding twelve
months, the high-frequency litigant's reason for being in the
geographic area of the defendant's business, and the reason
why the high-frequency litigant plaintiff desired to access the
defendant's business. *See* Cal. Civ. Proc. Code § 425.50(a)(4)
(A).

**\*2** Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent these restrictions simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when combined with an ADA claim for injunctive relief. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions in its state courts. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, constituting 3 percent of the civil actions filed. Filings of ADA cases increased from 928 (7 percent of civil cases) in 2014, the year before the imposition of the extra $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10 percent of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District have increased each year since California enacted the limitations on high-frequency litigants, reaching 1,670 (12 percent of civil cases) in 2017, 2,720 (18 percent of civil cases) in 2018, and 1,868 cases (24 percent of civil cases) in the first six months of 2019.

## II. Legal Standard

In an action over which a district court possesses original jurisdiction, it has "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court has the discretion to decline to exercise supplemental jurisdiction if:

  i. the claim raises a novel or complex issue of State law,

  ii. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

  iii. the district court has dismissed all claims over which it has original jurisdiction, or

  iv. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). The Supreme Court has explained that justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants[.]" *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under any of the first three provisions" of 28 U.S.C. § 1367(c). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). However, when the district court declines supplemental jurisdiction under the fourth "exceptional circumstances" provision, it must "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.*

## III. Discussion

Here, Plaintiff had filed more than ten complaints alleging an ADA construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint on January 29, 2021. *See* Dkt. # 12-2. Given these numbers, the Court finds that Plaintiff comfortably fits within the definition of a "high-frequency litigant."

By enacting restrictions on the filing of construction-related accessibility claims, California sought to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. By filing in federal court, Plaintiff has evaded these limits and sought a forum in which Plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements. This situation, and the burden the ever-increasing number of such cases poses to the federal courts, present "exceptional circumstances" and "compelling reasons" that justify exercising the Court's discretion to decline supplemental jurisdiction over Plaintiff's state law claim in this action under 28 U.S.C. § 1367(c)(4).

**\*3** Consideration of the *Gibbs* factors—values of judicial economy, convenience, fairness, and comity—also supports declining to exercise supplemental jurisdiction over Plaintiff's state law claim under these circumstances. Given Plaintiff's attempt to use federal court as an "end-around" California's requirements, considerations of comity weigh in favor of declining supplemental jurisdiction. *See Schutza v.*

**Bouyer v. Pizza Hut No. 026192, Slip Copy (2021)**

---

*Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). It is proper for federal courts to take actions to discourage forum-shopping. *See id.*; *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965). Although the Court recognizes that it would be more convenient and efficient to litigate the ADA claim and the state law claim in one suit, in the Court's view, these issues are not so dire to overcome "California's strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants." *See Schutza v. Alessio Leasing, Inc. (Alessio Leasing)*, No. CV 18-2154 LAB (AGS), 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019). The Court's decision not to countenance Plaintiff's attempt to circumvent the aims of the California Legislature hardly appears unfair to Plaintiff.

Exercising the Court's discretion to decline supplemental jurisdiction does not deprive Plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed: the ADA claim remains pending in this Court. Whatever inefficiencies that the Court's decision to decline supplemental jurisdiction creates are problems that Plaintiff created when Plaintiff filed this action in federal court rather than state court. *See id.* ("Had [the plaintiff] brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of

relief he seeks: an injunction, money damages, and attorney's fees."). If Plaintiff legitimately seeks to litigate this action in a single forum, Plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions. *See id.*

In conclusion, the Court finds that under these "exceptional circumstances," there are "compelling reasons" to warrant declining supplemental jurisdiction over Plaintiff's state law claim. As such, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claim.

IV. Conclusion

For the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claim. The Court therefore **DISMISSES** that claim without prejudice. *See* 28 U.S.C. §§ 1367(c)(2) & (c)(4).

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2021 WL 1153062

---

End of Document                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.